IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE R. GOINS, | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 10-1102 |
| | ) | Judge Donetta Ambrose/ |
| DONNA JO McDANIEL, President Judge, | ) | Magistrate Judge Cathy Bissoon |
| individually and in her official capacity, | ) | |
| et al., | ) | |
| Defendants | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### **RECOMMENDATION**

It is recommended that the complaint be dismissed before service, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted.

### **REPORT**

Maurice Goins, ("Plaintiff"), a frequent litigator before this court, appears pro se to prosecute another civil rights action, which, again attacks his conviction of third degree murder obtained more than 10 years ago in 1999. Although at the time of initiating this suit, Plaintiff was incarcerated at SCI-Fayette, he is now incarcerated at SCI-Albion, ECF No. 6, for the murder conviction in which the Defendants played a role. By way of relief, Plaintiff seeks damages, as well as injunctive relief.

### A. Applicable Legal Principles

Under Section 1915A, a court is required to *sua sponte* dismiss a complaint which fails to state a claim or that is frivolous. Nieves v. Dragovich, No. CIV.A.96-6525, 1997 WL 698490, at

*8 (E.D. Pa. Nov. 3, 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. S 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted."), aff'd, 175 F.3d 1011 (3d Cir. 1999)(Table). In reviewing complaints under 28 U.S.C. §1915A to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Fed.R.Civ.P. 12(b)(6). See, e.g., Tucker v. Angelone, 954 F.Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing complaints as mandated by 28 U.S.C. § 1915A and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). However, a court need not accept as true any legal averments or conclusions contained in the complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986). Dismissal is proper under Rule 12(b)(6) where a court determines that the facts alleged, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law, see, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000), or are not plausible. See, e.g., Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937 (2009).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

B. **Discussion**

**<u>Heck</u> bars this suit**

From the recitation of the facts found in the complaint, it is clear that this suit is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), which prevents an indirect attack on the validity of a conviction via a civil rights suit unless the conviction, has, in effect, been overturned.

Plaintiff alleges a civil rights cause of action against the Defendants, invoking 42 U.S.C. § 1985 and §1986, ECF No. 2 at 1, ¶¶ 2 & 5; ECF No. 8 at 2, ¶ 1,[1] and is seeking to sue them for their roles in obtaining Plaintiff's murder conviction. Plaintiff's pro se filings are not entirely clear but what is clear is that Plaintiff is attacking his conviction, asserting, *inter alia*, that on "September 3, 1998, Defendants Zappala and Cassidy and Borkowski acted under color of State law for negligently filing [a criminal] information in the Court of Common Pleas of Allegheny County docket at CC 199808059 charging Plaintiff Goins with criminal homicide with incriminating evidence that were [sic] required to be suppress[ed] as a result of delay and in absence of a clear showing of probable cause to detain Plaintiff." ECF No. 8 at 4, ¶ 9. Plaintiff also alleged that "Defendants Zappala, Cassidy, and Borkowski acted under color of State law for refusing and failing to intervene and enable Plaintiff Goins's release and discharge. Based on information and belief[,] Defendants Zappala, Borkowksi, and Cassidy acted under color of state law by ignoring the fact that Plaintiff is unlawfully being detained . . . ." <u>Id</u>., at 5, ¶ 11. <u>See also</u> ECF No. 2 at 1, ¶ 3 ("Defendants Donna Jon McDaniel and Margaret M. Cassidy acted under color of state law by conspiring against Plaintiff Maruce R. Goins's rights . . . by knowingly using or introducing false testimony to obtain a state prosecution murder conviction and sentence of the Plaintiff"). Because

---

[1] We deem ECF No. 2 and ECF No. 8, collectively to be the operative complaint.

Plaintiff's claims constitute a civil rights action, which would necessarily call into question the validity of his sentence and/or conviction, the suit is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

The Court in Heck held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted).[2]

If Plaintiff were successful in his claims contained in the complaint, then such would necessarily call his conviction and current sentence into question. Because Plaintiff is now serving the sentence for the convictions obtained at CC 199808059, which he seeks to attack herein and because it does not appear that Plaintiff has met the conditions of Heck, the complaint should be dismissed for failure to state a claim upon which relief can be granted.[3]

---

[2] Not only are claims for damages barred by Heck, but so are injunctive relief claims, such as those made by Plaintiff. See, e.g., Archilta v. Oklahoma, 123 F.App'x 852, (10th Cir. 2005)("The Supreme Court extended the rationale of Heck to encompass a § 1983 claim seeking declaratory relief in *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), and this court has previously applied Heck to bar 42 U.S.C. §§ 1983 and 1985 claims seeking declaratory and injunctive relief."); Eubank v. Ghee, 202 F.3d 268 (Table), 1999 WL 1045238, at *1 (6th Cir. 1999)("The holding in *Heck* applies regardless of whether the plaintiff seeks injunctive or monetary relief."); Moreno v. California, 25 F.Supp.2d 1060, 1062 (N.D. Cal. 1998)("This [*Heck*] holding has been extended to civil rights actions seeking declaratory or injunctive relief as well as damages.").

[3] While Plaintiff may argue that Heck dealt with a complaint filed pursuant to 42 U.S.C. § 1983 whereas this suit involves claims under Sections 1985 and 1986, courts have applied the holding of Heck to claims made under these sections as well. See, e.g., Amaker v. Weiner, 179 F.3d 48, 51-52 (2d Cir. 1999) (applying Heck to claims made under Sections 1981, 1985(3) and

**Plaintiff's claims are time barred**

In the alternative, to the extent that any of Plaintiff's claims contained in the complaint do not necessarily call into question Plaintiff's conviction and/or sentence, such as, for example, allegations that the Defendants effectuated Plaintiff's arrest without probable cause and/or falsely arrested him,[4] the claims are time barred as the actions taken by the Defendants of which Plaintiff complains all occurred more than 10 years ago.  Section 1986 provides a one year statute of limitations.  42 U.S.C. §1986 ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").  Plaintiff also mentions Section 1985 as a basis for invoking this Court's jurisdiction.  See, e.g., ECF No. 2 at 1, ¶¶ 2, 4 & 5.  The applicable statute of limitations for a cause of action under 42 U.S.C. § 1985, which arises in Pennsylvania, is two years.  Collins v. Sload, 212 F.App'x 136, 141 (3d Cir. 2007) (citing Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 80 (3d Cir. 1989)).  The statute of limitations requires that a complaint be filed between the time the cause of action accrues and the limitation period runs out.  See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).  Here, it is clear that Plaintiff's Section 1985 and Section 1986 causes of action accrued more than 10 years ago.  The earliest that Plaintiff can be said to have filed the instant action is August 13, 2010, the date whereon he signed the original document in this case.  ECF No. 1, at 1.  Accordingly, the complaint is time barred and must be dismissed as such.[5]

---

1986); Branthoover v. Burbach, NO. 10-CV-01820-BNB, 2010 WL 3341197, at *2 (D.Colo. Aug. 23, 2010) ("The holding of *Heck* has been extended to apply to claims brought pursuant to 42 U.S.C. §§ 1985 and 1986.").

   [4] See, e.g., Large v. County of Montgomery, 307 F.App'x 606, 608 n. 2 (3d Cir. 2009) (noting that "false arrest and false imprisonment claims are not necessarily barred by *Heck*").

   [5] As a result of the complaint facially establishing that Plaintiff's suit was not filed within

**Dismissal should be with prejudice**

Because the complaint is Heck barred, and/or because it is time barred, it must be dismissed pre service for failure to state a claim upon which relief can be granted. The dismissal of the complaint is without leave to amend because amendment would be futile.

**CONCLUSION**

For the reasons stated above, it is respectfully recommended that Plaintiff's complaint be dismissed *sua sponte* for failing to state a claim for which relief may be granted, pursuant to 28 U.S.C. § 1915A.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation are due by November 19, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

    s/ Cathy Bissoon
    CATHY BISSOON
    UNITED STATES MAGISTRATE JUDGE

Dated: Nov. 5, 2010

cc: The Honorable Donetta W. Ambrose
     United States District Judge

---

the statute of limitations, pre service dismissal for failure to state a claim based upon the statute of limitations is appropriate. McPherson v. U.S., __ F.App'x __, __, 2010 WL 3446879, at *4 (3d Cir. Sept. 2, 2010)("We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A."); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) ("While the language of Fed.R.Civ.P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.").

Maurice R. Goins
EB-7972
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450